———o———

H. F. V. BRAWNER and W. A. BRAWNER, her husband, Respondents, *vs.* P. S. LANGTON, Appellant.

1. *Partition fences—Adjoining proprietors—Right of contribution.*—Under our statute, (Wagn. Stat., 633, § 1) where the owner of land puts up a sufficient fence on his line, and the adjoining proprietor afterwards uses it as a part of his own inclosure, the builder of the fence is entitled to recover from the adjoining proprietor half of the value of the fence; and if the builder sells his land before he has recovered such contribution, the right of recovery passes to his grantee.

*Appeal from St. Louis Circuit Court.*

*Bakewell, Farrish & Mead,* for Appellant.

*W. J. Sharman,* for Respondents.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace. to recover one-half of the value of a partition fence, charged to have been erected by plaintiffs on the dividing line which separates the land of plaintiffs and defendant, and which fence is used by defendant as an inclosure for his lands. The action is brought under the three first sections of chapter 57, (Wagn. Stat., 1870, p. 633).·

Freeholders were appointed under the 2nd section of the act referred to, who viewed and estimated the value of one half of the fence, erected by plaintiff, at the sum of twenty-three dollars. It was to recover this sum that the action was brought.

The plaintiff recovered a judgment before the justice, from which the defendant appealed to the St. Louis Circuit Court,

where the plaintiff again recovered a judgment against the defendant and the sureties on his appeal bond for the amount claimed with interest and costs. The defendant in due time filed a motion for a new trial, which being overruled by the court, he appealed to the General Term of the St. Louis Circuit Court, where the judgment rendered at Special Term was affirmed; from which action of the General Term the defendant appealed to this court.

The only thing set forth in the bill of exceptions in this case, which could be assigned for error in the action of the Circuit Court as a ground for a reversal of the judgment, is the following agreed state of facts, which constitutes the whole bill of exceptions in the case, to-wit: "Be it remembered, that on the trial of this cause it was admitted that the plaintiff and defendant owned in St. Louis county, respectively, a piece of land, which land of plaintiff was adjacent to that of defendant; that plaintiff's grantor inclosed his land by a good and substantial fence, and thereby the defendant's land was inclosed on one side, and defendant inclosed the other sides afterwards." It was also admitted that the fence was worth the price at which it was appraised. This was all of the evidence. The defendant offered the following instructions:" (no instructions are copied in any part of the record).

The bill of exceptions then sets out the defendant's motion for a new trial, the grounds for which, as stated in the bill of exceptions, are: "That the judgment of the court is against the law, the evidence and the weight of evidence, because the court gave improper and illegal instructions, and because there was no evidence to support the assessment of damages." The defendant excepted to the opinion of the court in overruling his motion for a new trial, which is the only exception taken in the case, on the trial of the case at special term.

The only ground for a reversal of the judgment insisted on by the defendant in this court is, that the agreed facts in the case show that the fence sued for was erected by the grantor of the plaintiffs, before their purchase of the land, and

that, therefore, notwithstanding the defendant is using the fence as a partition fence which was erected by the grantor of the plaintiffs, the grantor of the plaintiffs and not the plaintiffs, has a right to recover for one-half of the fence, if any recovery can be had.

The first section of the act under which this suit is brought is as follows: "§ 1st. That whenever a fence, of whatsoever material constructed, and in all respects such as a good husbandman ought to keep, shall have been erected, or shall hereafter be erected on the line of his land, or that on which he may have a leasehold for any term of years, and the person owning the lands adjoining, or having a leasehold for any term of years on the same, shall make or cause to be made, or shall now have an inclosure on the opposite side of such fence, so that such fence may answer the purpose of inclosing his field, meadow, lot or any other inclosure, such person shall pay the owner of such fence already erected one-half the value of so much thereof as serves as a partition fence."

The construction attempted to be given to this section of the statute is entirely too limited and contracted. The statute does not confine the right to recover for a fence already erected to the person who shall have erected the same; but it provides that the payment for one-half of the value of the fence shall be made to "the owner of such fence already erected." When the plaintiff purchased his land with the fence on it, he became the owner of whatsoever right his grantor had in the fence, and became possessed of all his rights. If a person erecting a partition fence receives pay from an adjoining proprietor for one-half of the fence, and then sells the land, of course he, under such circumstances, being the owner of only one-half of the fence, could only transmit to his vendee one-half. And in such case, no further recovery could be had from the adjoining proprietor, for he would already be the owner of one-half the fence; but where a purchaser becomes the owner of the whole fence he may recover for one-half of the value from an adjoining owner.

The judgment is affirmed; Judge Wagner absent; Judge Lewis not sitting; the other judges concur.